**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50838/50839/50902**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 4, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ANGELA MICHELLE GREEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Custer County. Hon. Stevan H. Thompson, District Judge.

Order revoking probation and ordering execution of the previously suspended sentence in Docket No. 50838, judgments of conviction and sentences in Docket No. 50839 and Docket No. 50902, and orders denying Idaho Criminal Rule 35 motion in Docket Nos. 50838, 50839, and 50902; <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

This appeal involves three consolidated cases. In Docket No. 50838, Angela Michelle Green was found guilty of perjury, Idaho Code § 18-5401. The district court imposed a unified sentence of seven years, with a minimum period of incarceration of four years, suspended the sentence and placed Green on a term of probation. Green admitted to violating the terms of the probation, which included receiving new criminal charges in Docket No. 50839. In Docket No. 50838, the district court revoked Green's probation and executed the previously suspended sentence. In Docket No. 50839, Green entered a guilty plea to possession of a controlled substance,

1

I.C. § 37-2732(c)(1), with a persistent violator enhancement, I.C. § 19-2514. The district court imposed a unified sentence of fifteen years, with five years determinate, to run concurrently with her sentence in Docket No. 50838. In a separate case, Docket No. 50902, Green entered a guilty plea to acquiring a financial transaction card with intent to defraud, I.C. § 18-3125, and misappropriation of personal identifying information for purchases or credit valued over $300, I.C. § 18-3126. For the fraud conviction, the district court imposed a determinate sentence of five years and for the misappropriation of personal identifying information conviction, the district court imposed an indeterminate sentence of five years. The sentences were ordered to run consecutively to each other, but to run concurrently with the sentence in Docket No. 50839. Green filed an Idaho Criminal Rule 35 motion for reconsideration of sentence in each case, which the district court denied.

Green appealed and asserts that in Docket No. 50838 and 50839, the district court abused its discretion by not retaining jurisdiction or in the alternative, by imposing and not reducing the determinate portions of those sentences. Further, she asserts the district court abused its discretion by denying her I.C.R. 35 motion in each case.

First, it is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). Once a probation violation has been established, the court may order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838. Applying the foregoing standards, and having reviewed the record in Docket No. 50838, we cannot say that the district court abused its discretion ordering execution

2

of Green's previously suspended sentence without retaining jurisdiction or reducing Green's sentence.

Next, sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). After reviewing the record in Docket No. 50839, the case shows that the district court properly considered the information before it and determined that retaining jurisdiction was not appropriate.

Last, a motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Green's I.C.R. 35 motions, we conclude no abuse of discretion has been shown.

Therefore, after applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion. The district court's order revoking probation and ordering execution of the previously suspended sentence in Docket No. 50838, the judgments of conviction and sentences in Docket No. 50839 and Docket No. 50902, and the district court's orders denying Green's I.C.R. 35 motions in all three cases are affirmed.